UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA RIVERA, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CALIFORNIA DROP FORGE, INC., et al.,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-04442-FLA (RAOx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. 16]** |

**RULING**

　　Before the court is Plaintiff Patricia Rivera's ("Plaintiff" or "Ms. Rivera") Motion to Remand ("Motion"). Dkt. 16. Defendants California Drop Forge, Inc. ("CDF") and HBD Industries, Inc. ("HBD") (collectively "Defendants") oppose the Motion. Dkt. 23 ("Opp'n"). Plaintiff filed a Reply. Dkt. 26 ("Reply").

　　On August 31, 2022, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for September 9, 2022. Dkt. 27; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons stated herein, the court DENIES Plaintiff's Motion.

///

## BACKGROUND

Ms. Rivera, on behalf of herself and the Estate of Francisco Rivera (the "Estate," and collectively "Plaintiffs"), filed this survival action in Los Angeles Superior Court ("LASC") on June 2, 2022, asserting claims for discrimination based on disability, failure to accommodate disability, failure to engage in the interactive process, failure to prevent discrimination, retaliation, wrongful termination in violation of public policy, and intentional infliction of emotional distress. *See* Dkt. 6 at 5, Ex. A ("Compl."). According to the Complaint, Francisco Rivera ("Mr. Rivera") worked at CDF, a subsidiary of HBD, beginning in 1997. Compl. ¶ 10. On December 26, 2019, Mr. Rivera commenced disability leave due to diabetes. *Id.* ¶ 12. On June 4, 2020, HBD terminated Mr. Rivera's employment, stating that he had "exhausted all protected leave." *Id.* ¶ 15.

On June 29, 2022, Defendants filed a notice of removal, invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See generally* Dkt. 1 ("NOR"). Plaintiff now moves to remand the action to LASC. *See generally* Mot.

## DISCUSSION

**I.  Legal Standard**

A defendant may remove an action from state court to federal court if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332 ("Section 1332"), a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between "citizens of different States." For purposes of diversity jurisdiction, "a corporation [is] deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (citing 28 U.S.C. § 1332(c)(1)) (italics omitted). A corporation's "principal place of business" is "the place where the corporation's high level officers direct,

control, and coordinate the corporation's activities," and is also referred to as the corporation's "nerve center." *Hertz*, 559 U.S. at 80-81.

"Removal statutes are to be 'strictly construed' against removal jurisdiction." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

When an action is removed on the basis of diversity, there must be diversity "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). The removing party need only include a "short and plain statement" setting forth the grounds for removal. 28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83, 89 (2014). However, "[t]he burden of persuasion for establishing diversity jurisdiction … remains on the party asserting it," and "[w]hen challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz*, 559 U.S. at 96-97.

## II.   Analysis

Here, Plaintiff contends Defendants have failed to establish complete diversity of citizenship exists between the parties. Specifically, Plaintiff asserts removal on the basis of diversity jurisdiction is improper because CDF's principal place of business was in Los Angeles, California. Dkt. 16-1 ("Mot. Br.") at 7. As Plaintiff does not dispute that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, the court will address only the parties' arguments regarding complete diversity.

In support of her argument, Plaintiff argues most of CDF's employees and managers worked at Defendants' Los Angeles, California location, which included the Plant Manager, General Manager, Human Resources Manager, Engineering Manager, Quality Managers, and Production Manager. *Id.* at 9. In addition, Plaintiff argues Defendants' business and manufacturing operations took place in California, and that

Directors from Ohio would occasionally visit CDF's Los Angeles location. *Id.* Defendants argue CDF's principal place of business was located in Dublin, Ohio, where its CEO, Vice President & CFO, Secretary, and Treasurer had been based since 2003. Opp'n at 2. For the following reasons, the court agrees with Defendants that CDF's principal place of business is in Dublin, Ohio.

First, CDF's CEO, Vice-President & CFO, Secretary, and Treasurer all worked from its Dublin, Ohio location. Dkt. 5, Declaration of Emily Ritchey ("Ritchey Decl.") ¶ 4. These high-level employees "directed, controlled and coordinated [CDF's] prominent activities and decisions from the State of Ohio." *Id.* Although Plaintiff contends CDF's employees and senior managers were based at CDF's Los Angeles, California location, Reply at 5-6, there is nothing to support a finding that any high-level officers who directed or controlled CDF were based in California. To the contrary, the evidence demonstrates CDF's high-level officers were based in Dublin, Ohio. *See* Ritchey Decl. ¶ 4. Further, CDF's Initial Filing and Statement of Information filed with California Secretary of State list CDF's Principal Executive Office as located in Dublin, Ohio.[1] *See* Rivera Decl. at 5-7, Ex. A; 9-14, Ex B. Thus, the court finds CDF has met its burden to demonstrate its nerve center was in Dublin, Ohio. *See Hertz*, 559 U.S. at 80-81.

---

[1] Plaintiff asserts Defendants have taken inconsistent positions regarding CDF's status as an active corporation in California. Reply at 9-11. At the time of Removal, Defendants relied on the Declaration of Emily Ritchey, which stated CDF ceased all manufacturing operations and exited its only facility on March 17, 2022. Ritchey Decl. ¶ 4. In support of their Opposition, Defendants filed the Declaration of Alan M. Rivera, which states "[a]s of August 19, 2022, [CDF] was listed as an active corporation in good standing on the California Secretary of State's Business Search website." Dkt. 24, Declaration of Alan M. Rivera ("Rivera Decl.") ¶ 2. Because the court finds that CDF's principal place of business was in Dublin, Ohio at all relevant times, the court does not address Plaintiff's arguments regarding the cessation of CDF's California operations and the citizenship of an inactive corporation.

Accordingly, Defendants have demonstrated that CDF is a citizen of Delaware where it is incorporated and Ohio where it had its principal place of business. Plaintiffs assert they are citizens of California. Compl. ¶ 1. Plaintiff does not dispute HBD is a diverse party. Opp'n at 1. The court, therefore, is satisfied Defendants have shown complete diversity of citizenship exists.[2]

## CONCLUSION

The court finds Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, and that the parties are of diverse citizenship. Jurisdiction is proper under 28 U.S.C. § 1332. For the foregoing reasons, the court DENIES Plaintiff's Motion to Remand (Dkt. 16).

IT IS SO ORDERED.

Dated: February 28, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[2] Plaintiff requests the court award the attorney's fees she incurred in connection with this Motion, pursuant to 28 U.S.C. § 1447 ("Section 1447"). Mot. 13-14; Reply 11-12. Absent unusual circumstances, attorney's fees may only be awarded under Section 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Having found Defendants' removal was proper, Plaintiff's request for attorney's fees is DENIED.